UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BUTTER WATER, INC. D/B/A** § | | |
| **WINSTON WATER COOLER, LTD.,** § | | |
| § | | |
| **PLAINTIFF,** § | | |
| § | **CIVIL ACTION NO. _____** | |
| **VS.** § | | |
| § | | |
| **LIBERTY MUTUAL INSURANCE** § | | |
| **COMPANY,** § | | |
| | | |
| **DEFENDANT.** | | |

## PLAINTIFF'S ORIGINAL PETITION

Butter Water, Inc. d/b/a Winston Water Cooler, Ltd. files this *Plaintiff's Original Petition*, complaining of Liberty Mutual Insurance Company, and for cause of action, Plaintiff shows the Court as follows:

### PARTIES

1. Butter Water, Inc. d/b/a Winston Water Cooler, Ltd. ("Winston") is a Texas company based in Dallas County, Texas, and operating a satellite location in Houston, Harris County, Texas.

2. Defendant Liberty Mutual Insurance Company ("Liberty"), is an insurance company based in the State of Wisconsin and doing business in Texas. This Defendant may be served by serving its registered agent for service of process: Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218.

### JURISDICTION

3. The Court has jurisdiction over this cause of action because the amount in

1

controversy is within the jurisdictional limits of the Court. Pursuant to Tex. R. Civ. P. 47(c), Plaintiff seeks monetary relief between $200,000.00 and $1,000,000.00 and demand for judgment for all the other reliefs to which it deems itself entitled.

4. Winston reserves the right to amend its petition during and/or after the discovery process.

5. The Court has jurisdiction over Defendants because the originating cause of action arose out of Harris County, Texas.

**VENUE**

6. Venue is proper in Harris County, Texas, because one party, Plaintiff, has the subject satellite Property location situated in Houston, Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032. Additionally, the claim arising out of this lawsuit occurred at the subject Property located in Harris County, Texas.

**FACTS**

7. On or about August 28, 2017, the Property was damaged in a Hurricane Harvey storm occurrence.

8. On or about August 28, 2017, Winston was the owner of the subject property located at 611 Lockhaven Drive, Houston, Texas 77073 (the "Property').

9. On or about August 28, 2017, Winston's Property was covered by an insurance policy issued by Liberty Mutual Insurance Company ("Liberty") under Policy No. YU2-Z91-466557-046.

10. Workers reported that, although no leaks occurred within the Property prior to Hurricane Harvey, multiple roof leaks began and have continued after Hurricane Harvey.

11. On or about November 8, 2018, Winston had the Property inspected by Grasso

Public Adjusters, who documented the wind/hurricane damage to the Property in a report and claim submitted to Liberty under Claim No. X354-071378/E#621886200. A copy of the public adjuster's damage report is attached as Exhibit A.

12. On November 29, 2018, engineer Robert Kons ("Kons"), acting on behalf of Envista Forensics ("Envista") and Liberty inspected the Property but made only a non-verifiable verbal report to Liberty.

13. On December 10, 2018, Liberty denied Winston's claim asserting no storm related damage was found from an inspection by Kons, an engineer acting on behalf of Envista and Liberty. **No written Kons/Envista inspection report or photographs were ever produced to Winston.** A copy of Liberty's initial denial email by adjuster Wendy Goelden dated December 10, 2018 is incorporated into the attached Grasso Public Adjuster email record as Exhibit B.

14. The actions of Liberty in deliberately not requesting or producing a copy of a Kons/Envista inspection report for review has prejudiced Winston's ability to verify and recover damages to repair its property.

15. On May 28, 2019, Winston made written settlement demand through counsel in the amount of the property damage assessment by the public adjuster in the amount of $750,000.00. A copy of the settlement demand by counsel is attached as Exhibit C.

16. Despite the settlement demand with documentation by counsel, by August 28, 2019, Liberty wholly failed to respond to or pay Winston for reasonable and necessary costs of repairs to its Property as property documented and disclosed by a public adjuster who is unbeholden to the interests of an insurance carrier.

## Causes of Action
## Count I - Breach Of Contract

17. Winston incorporates the foregoing allegations by this reference.

3

18. In accordance with the terms of the Policy, Liberty had a duty to indemnify Winston for covered losses incurred to its commercial Property.

19. Liberty has failed to fully and properly adjust the covered loss to Winston's Property.

20. Liberty has wrongfully refused to tender all proceeds due and owing to Winston under the Policy, even though coverage has become reasonably clear.

21. Liberty's failure to fully and properly adjust the loss, and refusal to tender all proceeds due and owing under the policy constitute material breaches of the insurance policy.

22. As a direct result of Liberty's breach of its contract of insurance, Winston has suffered and continues to suffer direct and reasonably foreseeable consequential damages, and has incurred attorney fees and other expenses in amounts to be determined at trial.

## Count II - Breach of the Common Law Obligation of Good Faith and Fair Dealing

23. Winston re-alleges the above paragraphs as if fully set forth herein.

24. Implicit in the contract of insurance between Winston and Liberty was the covenant that Liberty would at all times act in good faith and deal honestly and fairly with Winston.

25. Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff pursuant to the insurance contract.

26. Liberty's conduct was in direct contradiction of the applicable industry standards of good faith and fair dealing.

27. Liberty's failure as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

**Count III – Violations Of The Texas Unfair Claims Practices Act**

28. Winston re-alleges the above paragraphs as if fully set forth herein.

29. Liberty is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151.

30. Liberty's conduct constitutes multiple violations of the Texas Unfair Compensation and Unfair Practices Act. Tex. Ins. Code Sec. 541.060 *et seq.*:

(1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's offer of a compromise settlement of a claim;

(4) refusing to make full payment of a claim without conducting a reasonable investigation with respect to the claim.

31. Liberty misrepresented the insurance policy to the Plaintiff and is in violation of Tex. Ins. Code Sec. 541.061 *et seq*.

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; or

(5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

32. Liberty's unfair settlement practice, as described above, of refusing to make full payment of damages suffered by Plaintiff, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

### Count IV - Non-Compliance With Texas Insurance Code Chapter 542: "The Prompt Payment Of Claims Act"

33. Winston re-alleges the above paragraphs as if fully set forth herein.

34. Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

35. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3) in that Defendant took advantage of Plaintiff's lack of Knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541, Texas Insurance Code.

### Count V - Violation of the Texas Deceptive Trade Practices Act

36. Winston re-alleges all preceding paragraphs as if fully set forth herein.

37. At all times relevant hereto, Liberty was a "person" and was engaged in "trade" or "commerce" as those terms are defined by the Texas Deceptive Trade Practices Act.

38. Liberty knowingly represented that the services being sold were of a particular

standard, quality, or grade. Specifically, Liberty represented to Winston that it would completely, properly, and in good faith, investigate and adjust any insurance claim made under the Policy and that it would fully indemnify Winston for any covered loss sustained to the Property.

39. Liberty has failed to perform in a manner consistent with its representations and contractual obligations, and as a consequence has violated the Texas Deceptive Trade Practices Act. Through its acts and omissions, and the acts and omissions of its agents, adjusters, and representatives, Liberty has failed to act in good faith, failed to properly adjust Winston's insurance claim, and has failed to fully indemnify Winston for covered losses sustained to the Property.

40. As a direct and proximate result of Liberty's wrongful conduct, Winston has suffered damages, and continues to suffer the loss.

41. Liberty's acts and omissions alleged herein in violating the Texas Deceptive Trade Practices Act were done intentionally, willfully, wantonly, maliciously, and/or with reckless disregard for the rights of Winston. As such, Winston is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish Liberty for its misconduct and to deter others from similar conduct in the future.

42. Liberty has willfully engaged in "unfair and deceptive trade practice[s]." As such, Winston is entitled to recover additional damages pursuant to Texas Deceptive Trade Practices Act in an amount up to three times its actual damages.

43. Winston has been forced to retain the services of attorneys to enforce its rights herein, and as such, pursuant to Texas Deceptive Practices Act, it is entitled to an award of attorneys' fees and costs associated with this action.

## Issues Regarding Federal Removal

44. Defendants cannot substitute defendants to create federal jurisdiction. *Salazar vs. Insurance Co.* Texas *Lloyd's, Inc.,* 455 F. 3d 571 (5th Cir. 2006)(vacating Order and remanding case to state court because Insurance Co. Texas Lloyd's is a proper defendant under Texas law).

## Conditions Precedent

45. All conditions precedent have been waived by Liberty, have been performed by Winston, or have otherwise been satisfied. Further, any claim by Liberty that Winston did not somehow comply with the Policy contract is barred by waiver based on all Defendants' breach and non-compliance with the material terms of the Policy insurance contract. Generally, when one party to a contract commits a material breach, the other party is discharged or excused from further performance. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc*., 134 S.W. 3d 195, 196 (Tex. 2004).

## DAMAGES PURSUANT TO
## TEX. BUSINESS & COMMERCE CODE §17.50

46. Plaintiff Butter Water, Inc. d/b/a Winston Water Cooler, Ltd, requests this Court enter a judgment against Defendant Liberty Mutual Insurance Company for:

   a. All amounts contracted for pursuant to the subject Policy contract;

   b. All compensatory damages;

   c. Punitive damages;

   d. Treble damages as allowed under Texas law;

   e. Pre- and post-judgment interest;

   f. Attorneys' fees and costs; and

   g. All other relief that the Court deems just and proper.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Butter Water, Inc. d/b/a Winston Water Cooler, Ltd. prays that upon trial hereof, that it has and recovers such sums as would

reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, and all punitive and exemplary damages as may be found against Defendant Liberty, A Mutual Insurance Company. In addition, Winston further requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

## JURY DEMAND

47. Winston respectfully demands a **trial by jury**.

## REQUEST FOR DISCLOSURE

48. Pursuant to Rule 194, each Defendant is requested to separately disclose, within fifty (50) days of service of this request, the information or material requested in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Butter Water, Inc. d/b/a Winston Water Cooler, Ltd. prays that upon trial hereof, that it has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, and all punitive and exemplary damages as may be found against Defendant Liberty Mutual Insurance Company. In addition, Winston further requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show itself justly entitled.

Respectfully submitted,

**Callagy Law, P.C.**
/s/ *Jeffrey G. Zane*

>Jeffrey G. Zane, Esq.
>State Bar No.:  24095197
>807 Rock Street, Ste 101
>Georgetown, Texas 78626
>Telephone No.: (512) 508-4693
>Email: jzane@callagylaw.com
>
>*Counsel for* Butter Water, Inc. d/b/a Winston Water Cooler, Ltd.